## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: |
|---|---|
| District of Maryland | Green Belt |
| Name (under which you were convicted): | Docket or Case No.: |
| Kevin Christopher Heiting | 16-CR-00434 |
| Place of Confinement: | Prisoner No.: |
| FMC Lexington | 62316-037 |
| UNITED STATES OF AMERICA | KEVIN CHRISTOPHER HEITING |

v.

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Greenbelt Federal District Court
    6500 Cherrywood Ln.
    Greenbelt, MD 20770

    (b) Criminal docket or case number: 16-CR-00434

2. (a) Date of the judgment of conviction: 02/03/2017

    (b) Date of sentencing: 04/19/2018

3. Length of sentence: 240 months

4. Nature of crime (all counts): Distribution of Child Pornography

5. (a) What was your plea? (Check one)

    (1) Not guilty [ ]  (2) Guilty [X]  (3) Nolo Contendere [ ]

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [ ]   Judge only [ ]   N/A [X]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [X]

8. Did you appeal from the judgment of conviction?

   Yes [X]   No [ ]

9. If you did appeal, answer the following:

   (a) Name of court:  United States COurt of Appeals for the Fourth Circuit

   (b) Docket or case number:  16-CR-00434

   (c) Result:  upheld

   (d) Date of result:  12-16-2019

   (e) Citation to the case:  Do not know

   (f) Grounds raised:

   1) The district court abused its discretion when it denied the motion to withdraw guilty plea because the guilty plea was not made knowingly and intelligently since Heiting did not have the mental competence to enter the guilty plea.

   2) The district court abused its discretion when it rejected Heiting's plea pursuant to Rule 11(c)(1)(C).

   3) The district court failed to provide Heiting with an opportunity to allocate his sentencing hearing.

   4) The waiver of appellate rights in the plea agreement does not bar this appeal.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes [ ]   No [X]

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgement of conviction in any court?  Yes [ ]   No [X]

2

11. If your answer to Question 10 was "Yes," give the following information: N/A

12. For this motion, state every ground on which you claim that you are being held in volation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

**GROUND ONE:**

The defendant's attorneys, Ms. Laura Abelson and Mr. Douglas Miller, did provide ineffective assistance of counsel during February 2nd and 3rd of 2017.

(a) The two attorneys did not recognize that the defendant was suicidal and suffering from physical and mental distress. By the two attorneys own admission during August 30th 2017 direct and cross examination, they knew all the necessary information to conclude that a major suicide attempt had occurred on February 1st. Because of this suicide attempt and the mental condition of the defendant, the defense attorneys should have not allowed the defendant to plead guilty on February 2nd and 3rd because he was incompetent.

On page 27, lines 12-25, of the August 30th, 2017 transcript, Laura Abelson is asked what the defendant was wearing on Feb. 2nd. She responded that he was wearing a paper suit and failed to recognize that this indicated the defendant was on suicide watch.

She also states on page 36, lines 11-12, that the defendant had previously rejected tentative plea offers prior to February 2nd.

She also states on page 37, lines 2-17, that the defendant's

3

attitude seemed different on February 2nd, but that nothing gave her cause for concern about his mental state.

She also states on page 45, line 14, through page 46, line 7, as well as page 46, lines 17-22, and page 47, lines 11-23, as well as page 48, lines 1-3, as well as page 56, lines 1-10, as well as page 67, lines 17-25, that she had discussions about suicide with the defendant "several times" before and after February 2nd and 3rd. She states that she never believed Heiting was actually suicidal or at "risk of harming himself imminently." She also states that the defendant had told her that the defendant purposely drove his car into a telephone pole, but she "didn't really draw a conclusion from it."

On page 73, lines 14-20, Ms. Abelson stated that the idea of taking a plea was not Heiting's original idea but rather suggested by her. This is also mentioned on page 74, lines 9-13.

On page 76, lines 12-25, and page 78, lines 6-14, she states that she failed to make any inquiry into the status of the mental health screening that occurred at the hospital.

On page 142, lines 10-24, as well as page 143, lines 7-14, as well as page 144, line 22, through page 145, line 7, Douglas Miller stated that he had learned about Mr. Heiting making statements that he intentionally crashed his car on February 1st.

On page 146, lines 1-12, and lines 23-25, as well as on page 151, lines 15-22, Miller describes that Ms. Abelson raised the issue of possible plea negotiations and that the defendant had stated on February 2nd that he wished he had died on February

4

1st.

All of these facts and statements show that if not for the ineffective assistance of counsel provided on February 2nd and 3rd, the the defendant would never have signed the plea deal or plead guilty. Without having plead guilty on February 3rd, the chain of events leading to the defendant's sentence of 20 years would never have occurred. The assigned counsel should have recognized the defendant's incompetence and moved for a competency evaluation instead of the guilty plea.

(b) (1) If you appealed from the judgement of conviction, did you raise this issue?   Yes [ ]   No [X]

(c) (1) Did you raise this issue in any post-conviction motion, petition, or application?   Yes [ ]   No [X]

**GROUND TWO:**

The defendant's attorney, Ms. Jenifer Wicks, did provide ineffective assistance of counsel on December 22, 2017, during the motions hearing before the Honorable Paula Xinis. She failed to argue against the accusations of malingering during the motions hearing on competency to stand trial. This is an example of ineffective assistance of counsel because malingering is a very serious accusation and was offered as the only reason for Judge Xinis to ultimately deny the motion to withdraw the defendant's plea deal.

(a) On pages 2, 5, 6, 8 and 9 Ms. Wicks only spoke 9 times and never defends the defendant against the malingering claim. The defendant had asked his counsel to "fight back" against the malingering accusation before the hearing began on December 22,

5

2017. This request was not adhered to, and Ms. Wicks had told the defendant "I'll argue against [the malingering claim] during appeal" after Judge Xinis entered her judgment to deny the withdrawal of the plea of guilty. If not for the ineffective assistance of counsel, Judge Xinis would have allowed the guilty plea to be withdrawn and the malingering accusation nullified.

(b) (1) If you appealed from the judgment of conviction, did you raise this issue?   Yes [ ]   No [X]

(2) If you did not raise this issue in your direct appeal, Explain why: Because ineffective assistance of counsel claims are best left for 2255 motions.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?   Yes [ ]   No [X]

(2) N/A

(3-7) N/A

**GROUND THREE:**

The defendant's attorney, Ms. Jenifer Wicks, did provide ineffective assistance of counsel when she failed to argue forcefully in the defendant's motion for examination and hearing on competency filed April 8, 2018. If not for the ineffective assistance of counsel, the defendant would not have been sentenced and would have instead been delivered to the BOP for competency educational classes before sentencing would occur. The defendant was incompetent at the time of sentencing and this should not have been allowed.

(a) The attorney for the defendant failed to submit exhibit A along with the request for examination and hearing on competency,

which had detailed the defendant's stance and opinions on the BOP's forensic evaluation report. It offered a rebuttal by asserting humongous lies, inaccuracies, and contradictory statements held within the BOP's forensic evaluation report. One such issue raised is that on the GCCT-MSH test, the defendant scored consistent with those objectively incompetent to stand trial. Another is that the ILK test was given to test for feigning a lack of knowledge on the GCCT-MSH, but showed a score outside the range of even suspected feigning or malingering. Only one test showed possible malingering in its results and should have been used in conjunction with multiple malingering screeners. Additionally, on April 9th transcripts, page 11, lines 17 and 24-25, Ms. Wicks did not defend against the malingering accusation in the Butner mental health evaluation. Additionally, Ms. Wicks and the court did not recognize that the defendant had attempted to commit suicide on April 8th, the day before the April 9th sentencing hearing. On page 14, lines 18-20 and 22-25, the defendant informs the court as to the existence of exhibit A, but Ms. Wicks never presents it to the court.

(b)(1) If you appealed from the judgment of conviction, did you raise this issue?   Yes [ ]   No [X]

   (2) If you did not raise this issue in your direct appeal, explain why: Because ineffective assistance of counsel claims are best left for 2255 motions.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?   Yes [ ]   No [X]

   (2-7) N/A

**GROUND FOUR:**

The District Court abused its discretion when it denied the motion to withdraw guilty plea because the guilty plea was not made knowingly and intelligently since Heiting did not have the mental competence to enter the guilty plea.

**(a) Standard of Review**

This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (citing U.S. v. Dyess, 478 F.3d 224 (4th Cir. 2007)). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relie on erroneous factual or legal premises, or commits an error of law." United Stated v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007).

"[A] guilty plea is a grave and solemn act to be accepted only with care and discernment[.]" Brady v. United States, 397 U.S. 742, 748 (1970). When a defendant pleads guilty, he forgoes not only a fair trial, but also other accompanying constitutional guarantees. United States v. Ruiz, 536 U.S. 622, 628 (2002).

A district court abuses its discretion in denying withdrawal if the plea proceedings "were marred by a fundamental defect that inherantly resulted in a complete miscarriage of justice, or in omissions inconsistent with rudimentary demands of fair procedure." United States v. Dyess, 478 F.3d 224 (4th Cir. 2007) (quoting United States v. Ubakanma, 215 F.3d 421, 425 (4th Cir. 2000)).

**(b) Heiting should have been permitted to withdraw his guilty plea because it was not made voluntarily and intelligently since** he lacks

he lacked the mental competency to plead guilty.

Federal Rule of Criminal Procedure 11(d)(2)(B) states: "A defendant may withdraw a plea of guilty or nolo contendere after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal."

The Fourth CIrcuit has elaborated the following nonexclusive list of factors a district court should consider when deciding a motion to withdraw a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012) (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)).  The first, second, and fourth factors carry the most weight since they relate to whether the defendant "has a fair and just reason to upset settled systemic expectations by withdrawing [his] plea." United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).  The third, fifth, and sixth factors "are better understood as countervailing considerations that establish how heavily the [Rule 11] presumption should weigh in any given case." Id. at 1154.

i. **The defendant has offered credible evidence that his plea was not knowing or not voluntary.**

The most important factor to be evaluated in a motion to

withdraw a guilty plea is whether the plea was knowing and voluntary. United States v. Faris, 388 F.3d 452, 456 (4th Cir. 2004). A defendant is not competent, and his or her plea is not knowing and voluntary if, at the time the plea is entered, the defendant suffers from a mental disease or defect which: (1) impairs his " sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or (2) leaves lim lacking a "rational as well as factual understanding" of both the charges against him and the nature of the judicial proceedings. Dusky v. United States, 362 U.S. 402 (1960)(per curiam). The competency standard for pleading guilty is the same as the competency standard for standing trial. Id.

A defendant need only satisfy one of the two prongs to be mentally incompetent to plea. Requiring a criminal defendant to be competent seeks to ensure that he or she has the mental capacity to understand the proceedings and to assist counsel. Godinez v. Moran, 509 U.S. 389, 401 (1993).

A defendant is incompetent to enter a plea where medication "so impair[s] his mental faculties that he [is] 'incapable of fully understanding and appreciation of the charges against him, of comprehending his constitutional rights, and of realizing the consequences of his plea." Nicholson, 676 F.3d at 382 (quoting United States v. Damon, 191 F.3d 561, 565 (4th Cir. 1999)).

In United States v. McGirr, 434 F.2d 844, 849 (4th Cir. 1970) this court reversed the district court's denial of a motion to withdraw a guilty plea prior to sentencing. The court held the district court abused its discretion for failure to permit

10

defendant to withdraw plea based on mental incapacity where after the plea was taken, "medical experts find that defendant suffered from a mental defect manifested by psychological tests and by his conduct during testing and during interviews, as well as by anti-social conduct, and that this defect had deprived him of criminal responsibility as defined by the A.L.I." Id. The court did not find that McGirr was insane under the A.L.I. test, but rather that the report had sufficient substance that the district court abused its discretion in denying the motion to withdraw the plea. Id.

Like the defendant in McGirr, Heiting should have been permitted to withdraw his guilty plea. At the time of his plea, Heiting had a mental disease or defect which both impaired his "sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding" of both the charges against him and the nature of the judicial proceedings. Because of Heiting's long history of mental health issues and his mental and physical condition on February 2 and 3, 2017, he was incapable of fully understanding the new charges against him, his constitutional rights, and the consequences of his plea.

Heiting had a psychiatric evaluation performed by Dr. Christiansen, a licensed adult and child psychiatrist. J.A. at 382. The evaluation found that Heiting suffered from a major depressive episode with suicidal ideation on February 1st - 3rd, 2017. An additional evaluation was conducted by Dr. Rigsby, a BOP forensic psychologist, which found that Heiting was objectively incompetent to stand trial based on the GCCT-MSH competency

11

evaluation. The ILK test was administered to see if Heiting was feigning a lack of knowledge and found that he was not in the range of suspected feigning or malingered responses. The SIMS test did find that Heiting was likely malingering mental defects, but this is the only test which showed malingering was likely. This test should have been employed with a battery of malingering screeners to determine if malingering was an appropriate diagnosis. The district court erred in accepting the malingering accusation as gospel, even though no specific mental illness is mentioned as being malingered. Furthermore, the court erred in not allowing Heiting to defend himself and his answeres given during the evaluation.

Heiting's history of mental health issues and state of mind the day the guilty plea undoubtedly created an atmosphere wherein he could not have accepted and entered into the plea agreement knowingly and voluntarily. Hence, Heiting satisfies the first <u>Moore</u> factor because his plea was not knowing and voluntary.

**ii. Whether the defendant has credibly asserted his legal innocence.**

While the court can consider a defendant's claim of innocence in support of a motion to withdraw a plea, a defendant's factual innocence is not a prerequisite to finding a plea invalid, rather, in assessing the validity of a defendant's plea, courts look to "all of the relevant circumstances surrounding" the plea. <u>Brady v. United States</u>, 397 U.S. at 749. Thus, while a claim of innocence is perhaps an important factor in this assessment, it is by no means a dispositive one. See e.g., <u>Matthew v. Johnson</u>,

201 F.3d 353, 365 (5th Cir. 2000) (courts assessing the validity of a defendant's plea "may consider such factors as whether there is evidence of factual guilt"); United States v. Garcia, 401 F.3d 1008, 1013 (9th Cir. 2005) (noting that while courts can consider a defendant's claim of innocence in support of a motion to withdraw a plea, a defendant may have valid resons for withdrawing a plea "that have nothing to do with innocense").

Heiting sought to withdraw the plea for the purpose of restoring his presumption of innocence and proceeding to trial. His admission of guilt was tainted by his lack of mental competence to enter the plea. Hence, the district court erred in holding that this factor weighs against Heiting.

**iii. Whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea.**

The district court correctly held that this factor weighs in favor of Heiting. J.A. at 593.

**iv. Whether the defendant had the close assistance of competent counsel.**

The district court correctly held that this factor is of marginal relevance to the Motion to Withdraw Guilty Plea. J.A. at 594.

**v. Whether withdrawal will cause prejudice to the government and whether withdrawal will inconvenience the court and waste judicial resources.**

"[W]ithdrawal of a guilty plea almost invariably prejudices the government to some extent and wastes judicial resources," but the fifth and sixth Moore factors can "weigh in the defendant's

13

favor so long as [he] shows that the magnitudes of the prejudice and inconvenience are small." Sparks, 67 F.3d at 1154 n.5.

The district court correctly held that this is not a significant factor for the court, but erred in ruling that weighs slightly against Heiting. J.A. at 594. Withdrawal would not have prejudiced the government as it had not commenced substantial preparation for the internal sentencing hearing scheduled for May 16, 2017, and any work it has done would be equally applicable to its trial preparation. Withdrawal would not have substantially inconvenienced the district court or wasted judicial resources beyond the time that was spent to conduct the rearraignment in this matter and the rescheduling of the second motions hearing day and the trial calendar. In addition, denial of the motion to withdraw has in fact resulted in additional judicial resources including this appeal. Accordingly, the district court erred in holding this factor weighs slightly against Heiting.

Moreover, even to the extent any of these factors might weigh against withdrawal, they are outweighed by the first factor under the circumstances presented herein. Heiting's criminal history is minimal, hence he is not a person who is experienced with or sophisticated about the operation of the criminal justice system. Hence, the district court should have granted Heiting's Motion to Withdraw Guilty Plea because his plea was not knowing and voluntary under the Plea Agreement and its consequences.

(b)(1) If you appealed from the judgment of conviction, did you raise this issue?    Yes [X]   No [ ]

   (2) N/A

(c)(1) Did you raise this issue in any post-conviction motion,

14

      petition, or application?   Yes [X]   No [X]

(2-7) N/A

**GROUND FIVE:**

The defendant was incompetent to stand trial at the time of sentencing. The defendant should not have been sentenced until competency to stand trial was restored by psychiatric medication and education on the legal system. If the incompetency of the defendant had been recognized and delt with then, the defendant would not have been sentenced to 20 years of imprisonment.

(a) The defendant was found objectively incompetent to stand trial in Dr. Rigsby's forensic evaluation report as decribed in ground four and see Exhibit B for the mental health diagnoses that the defendant was diagnosed with after being sentenced.

(b)(1) If you appealed from the judgment of conviction, did you raise this issue?   Yes [X]   No [ ]

    (2) N/A

(c)(1) Did you raise this issue in any post-conviction motion,

      petition, or application? Yes [ ] No [X]

  (2-7) N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    Grounds one, two, and three were not previously presented in court because they are ineffective assistance of counsel claims, which are best left for 2255 motions.

14. Do, you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes [X] No [ ]

    The Greenbelt Federal District Court has a compassionate release request presiding on docket #16-CR-00434

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

  (a) At preliminaly Hearing: Douglas Miller

  (b) At arraignment and plea: Douglas Miller and Laura Abelson

  (c) At trial: N/A

  (d) At sentencing: Jenifer Wicks

  (e) On Appeal: Allen H Orenberg

  (f) In any post-convistion proceeding: N/A

  (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Where you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same

    time?    Yes [ ]    No [X]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

    Yes [ ]    No [X]

    (a-d) N/A

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.

    I believe the motion is timely, but in case of a miscalculation of when the judgment of conviction became final or mail delivery, I will argue that the corona virus and the resulting prison lockdowns hampered efforts to complete the motion earlier. The prison lockdowns began on April 1st, less than a month after the judgment of conviction became final. The prison lockdowns at FMC Lexington resulted in the following hinderances:

    (a) The law library was inaccessible for the majority of 2020.

    (b) Legal copies were difficult to obtain.

    (c) Court transcripts, through the clerks of the court, became difficult to obtain.

    (d) Access to legal advice in the form of "jail house lawyers" became difficult to obtain.

    (e) Access to typewriters became difficult to obtain.

    (f) Communication with the outside world became blocked at several times.

    Therefore, movant asks the Court for the following relief:
    Repeal the conviction and sentence against the defendant, revoke

the guilty plea entered on February 3rd, 2017, and remand the defendant to the custody of the U.S. Marshals for competency training/ evaluation or any other relief to which movant may be entitled.

N/A
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on February 22, 2021 (month, date, year).
Executed (signed) on February 22, 2021 (date).

_____
Signature of Movant

Greenbelt Federal District Court

**IN FORMA PAUPERIS DECLARATION**

I, Kevin Christopher Heiting, declare that I am the movant in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes [X]    No [ ]
    (a) If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. $5.25 per month, FMC Lexington.

17

2. Have you received within the past twelve months any money from any of the following sources?

    (a) Business, profession or form of self-employment? Yes [ ] No [X]

    (b) Rent payments, interest or dividends?  Yes [ ]  No [X]

    (c) Pensions, annuities or life insurance payments? Yes [ ] No [X]

    (d) Gifts or inheritances?  Yes [X]  No [ ]

    If the answer to any of the above is "yes" describe each source of money and state the amount recieved from each during the past twelve months.  Gifts from mother while incarcerated. ~ $1000.00

3. Do you own any cash, or do you have money in a checking or savings account?  Yes [X]  No [ ]  Approximately $1,800.00

4. Do you own real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  Yes [X]  No [ ]  I own one third (1/3) stake in a real estate corporation that is valued at over $2 million.

5. N/A


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on  February 22, 2021  date.

_____
Signature of Movant

18