**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | | **CRIM. NO.  PX-16-434** |
| | * | |
| **KEVIN HEITING,** | * | |
| **Defendant.** | | |

**MEMORANDUM ORDER**

Pending before the Court is defendant Kevin Heiting's motion for compassionate release. ECF No. 203.  Heiting asks that this Court reduce his twenty-year sentence in light of the COVID-19 pandemic and generalized arguments that sentences for child-pornography offenses are overly punitive. *Id.*  For the reasons set forth below, the motion will be DENIED.

18 U.S.C. § 3582(c)(1)(A) permits a district court to modify a defendant's sentence for "extraordinary and compelling reasons" and taking into account "the factors set forth in section 3553(a) to the extent that they are applicable."  Before a defendant may so move, he must first exhaust all administrative rights "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*  Heiting has exhausted his administrative remedies, and so this motion is ripe for consideration.

Under the First Step Act, the Bureau of Prisons "is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate

release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020).  Pertinent to this motion, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id.  See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Heiting avers that his physical and mental health challenges make him especially vulnerable to the adverse effects of COVID-19.  ECF No. 203.  The Court credits that Heiting suffers from various physical and mental health ailments which *may* make him susceptible to adverse outcomes were he to contract COVID-19 *again.*  The Court notes that Heiting has already suffered through one bout of COVID while incarcerated; he was not hospitalized and appears to have fully recovered.  Nonetheless, the Court accepts as true that he suffers from a series of complicating factors.

That said, even if the Court were to find such circumstances extraordinary, Heiting's requested reduction cannot be supported when considering the counterbalancing § 3553(a) factors.  At the time Heiting was originally sentenced, his Advisory Guideline range was 360 months to life imprisonment.  ECF No. 140 ¶ 67.  The Court varied downward to impose a twenty-year imprisonment term, in large part because Heiting had pleaded guilty to a single count of distribution of child pornography with a statutory maximum of twenty years.  ECF No. 140 ¶ 66.

In imposing the sentence, the Court made robust factual findings to support its decision.

2

ECF No. 177.  The Court explained,

> You, in discussing your predilections with a 14-year old boy, refer to your own self as a pedosexual, and the only way I can take that is you view yourself as an individual sexually oriented toward children. . . .  [A]gainst the backdrop of a case which involved . . . . 17,913 videos child pornography; 405,000 images of files, including, among others, infants and toddlers being violated, that you shared over 100,000 files; and that you used some of that child pornography in talking with a child, in enticing a child, in convincing that child outside the view of his mother to produce child pornography and send it to you . . . .

> You have been unremorseful and incorrigible in your conduct. If I'm getting it right, you were put on warning, May 19, 2016, when a search warrant was executed, and the first thing you did when that day was over was buy a laptop and find a way to run your peer-to-peer file service and continue what you have admitted to having done since the age of nine . . . . .

> [Y]ou were arrested a few months later. That laptop was seized. You were released under the grace of this court under very stringent conditions. And what did you do? You went out. You got another laptop. You went back to the dark web, and you began once again to look for children. . . . Now you complain today of the fact that your parents didn't get you any help, but you, as a full-fledged adult, looking for children with which to use and abuse, you never sought help on your own; rather, you celebrated it when no one was watching.

ECF No. 177 at 23-25

Currently, Heiting is due to be released in February of 2034.  *See*

https://bop.gov/inmateloc (last visited June 1, 2021).  To impose the requested time-served

sentence would require that this Court reduce Heiting's prison term by *more than a decade.*  This

outcome is wholly unsupportable, even when taking into account the new evidence and

arguments that Heiting presents in his compassionate release motion.  ECF No. 107.  The

original sentence must remain undisturbed to address all § 3553(a) factors, chief among them, to

protect the public, account for the seriousness of Heiting's criminal conduct, and promote respect

for the law.

The motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is

DENIED.  The Clerk is DIRECTED to mail a copy of this Memorandum Order to Heiting at

Lexington, FMC.

Dated: June 2, 2021                                                  /S/
                                                 _____
                                                 Paula Xinis
                                                 United States District Judge